# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN



GERALD C. MANN
ATTORNEY GENERAL

Honorable S. M. Lister, M. D., Chairman
Texas Prison Board
2nd National Bank Building
Houston, Texas

Dear Sir:

Opinion No. O-3165
Re: Whipping orders in
Texas Prison System.
Art. 349, P. C.

        This will be in reference to your letter of February 14, 1941, requesting the opinion of this department as to whether or not Article 349 of the Penal Code governs the Prison Board and the manager of the prison system in issuing whipping orders.

        Article 349 reads as follows:

        "The Prison Commission may adopt such modes of punishment as may be necessary, such punishment being always humane, and placing prisoners in stocks shall be prohibited. Whipping with not exceeding twenty lashes on the bare rump and thighs may be resorted to with prisoners of the third class, who cannot be made to observe the rules by milder methods of punishment. The strap to be used must be of leather, not over two and one-half inches wide, and twenty-four inches long, attached to a wooden handle; No convict shall be whipped until same has been authorized by at least two members of the prison Commission upon their written order, and such order so issued shall be executed only in the presence of a prison physician, and a sworn report shall be made by the officer executing such order to the Penitentiary Commission, who shall keep a record of all reports in a well bound book to be kept for that purpose, which shall be at all times open to public inspection;

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

715

and such report so to be made by such officer executing the order of the Prison Commission, shall state the name of the convict whipped, the number of strokes administered, the size of the strap used, the time and place thereof, in whose presence same was done, and the cause thereof. The Prison Commission shall make a semi-annual report of the whipping of convicts to the district judge of the county where such whippings occurred, who shall report the same to the grand jury, which shall make investigation thereof, if they deem same advisable. The utmost care must be used by the officer executing the order of the Commission not to break the skin of the prisoner whipped, and any person guilty of whipping a prisoner more lashes than as provided herein, or striking a prisoner, except in self-defense, shall be fined not less than twenty-five nor more than two hundred and fifty dollars and imprisoned in jail not less than thirty days nor more than six months." (Underscoring ours.)

In 1927 the Board of Prison Commissioners was abolished and there was substituted therefor a new body, the Texas Prison Board, to manage and control the Texas Prison System. Acts 1927, 40th Leg., Ch. 212.

The Act of 1927 providing for the Texas Prison Board specifically repealed articles 6166 through 6202 of Title 108 of the Revised Civil Statutes of Texas, 1925. None of these articles related to punishment to be administered to convicts. No articles of the Penal Code were expressly repealed and the Act contained no general repealing clause.

Instead, Section 34 (Acts 1927, 40th Leg. p. 298) provided:

"If any section or provision of this Act shall contravene the terms of the Constitution of this State, or be otherwise held invalid for any reason, the same shall not affect the validity of the remainder of the Act. The Board of Prison Commissioners is abolished and all power, authority, duties and functions of the Board of Prison Commissioners of this State under other laws of this State and not repealed by this Act and not in conflict herewith, shall hereafter vest in and be performed by the Texas Prison Board created by this Act." (Underscoring ours.)

Honorable S. N. Lister, page 3

It is incumbent upon us to determine whether Article 349 of the Penal Code (not being expressly repealed) is in conflict with any of the provisions of the Act of 1927, or is otherwise inoperative. We believe that it is.

Article 6166j, Vernon's Annotated Civil Statutes, (Sec. 11, Ch. 212, Acts 1927) reads in part as follows:

"* * * The manager, with the consent of the Texas Prison Board, shall have power to prescribe reasonable rules and regulations governing the humane treatment, training and discipline of prisoners, and to make provision for the separation and classification of prisoners according to sex, color, age, health, corrigibility, and character of offense upon which the conviction of the prisoner was secured."

Article 6166z4, (Sec. 31, Ch. 212, Acts 1927) reads as follows:

"Any sergeant, guard or other officer or employee of the prison system of this State, who shall inflict any punishment upon a prisoner not authorized by the rules of the prison system, shall be guilty of an assault, and upon conviction thereof, shall be punished as prescribed by law, and it shall be the duty of the manager to make complaint before the proper officer of any county in which such assault was committed upon such prisoner. Provided, that in all cases where any person is charged by complaint or indictment with an offense against a prisoner, prisoners and ex-prisoners shall be permitted to testify."

It is readily apparent that Article 6166j now governs training and discipline of prisoners and the manager of the prison system is authorized, with the consent of the board, to prescribe reasonable rules and regulations in respect thereto. Of course, the word "discipline" contemplates punishment, and such may be corporal punishment. In addition, under Article 6166z4, supra, the word "punishment" is so used and any sergeant, guard or other officer or employee of the prison system inflicting any punishment _not authorized by the rules_ will be

guilty of an assault.

For yet another reason, Article 349 of the Penal Code is inoperative. In that article, corporal punishment, whipping, may be inflicted only upon <u>prisoners of the third class</u> and Article 349 does not undertake to define what is meant by "prisoners of the third class." The term was defined in Article 6184 of the Revised Civil Statutes, 1925, but this Article was expressly repealed by the Act of 1927.

For these reasons it is our opinion and you are advised that Article 349 of the Penal Code is meaningless and inoperative; that under Article 6166j of Vernon's Annotated Civil Statutes, the punishment that may be inflicted upon prisoners is that prescribed by the reasonable rules of the manager, with the consent of the prison board, and such may include corporal punishment.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By     *Jas. D. Smullen*

James D. Smullen
Assistant

JDS:js

APPROVED FEB 26, 1941

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN